U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 9 2016

CLERK. U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

PROMISELAND METRO, INC., ET AL., §
§
          Plaintiffs,            §
§
VS.                              §    NO. 4:15-CV-817-A
§
UNITED STATES ARMY CORPS OF      §
ENGINEERS,                       §
§
          Defendant.             §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, United States Army Corps of Engineers, ("Corps") to dismiss. The court, having considered the motion, the response of plaintiffs, PromiseLand Metro, Inc. ("Metro"), and Speight Construction ("Speight"), the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Complaint

On October 28, 2015, plaintiffs filed their complaint in this action. They allege:

Metro is the owner of approximately 22.3693 acres of land in the City of Grapevine upon which the Corps owns a flowage easement. The Corps obtained its easement through a condemnation proceeding in this court concluded January 3, 1957. Speight is the potential purchaser of the property pursuant to a contract with Metro. The flowage easement allows the Corps to store water

on the property below the elevation of 572 feet MSL.[1] Plaintiffs must seek approval of the Corps to erect any structures or other appurtenances below 572 feet. Plaintiffs have developed a plan for utilization of the property pursuant to which they will relocate dirt on the property resulting in changes to the contours and elevations, bringing more of the property to an elevation above 572 feet so that houses can be constructed thereon. Plaintiffs say that the proposed construction would not interfere with or abridge the flowage easement rights of the Corps. Plaintiffs have sought approval from the Corps for their plans, but the Corps has refused to respond.

Plaintiffs seek a declaration that they are entitled to construct roadways and underground utilities on the property below an elevation of 572 feet. They further seek a declaration that they are entitled to relocate dirt within the property to change the currently existing elevations and contour lines.

II.

Ground of the Motion

The Corps says that the court lacks subject matter jurisdiction over this action, because the decision concerning use of the Corps' flowage easement lies within its sound discretion and is not subject to judicial review.

---

[1] Although not defined in the complaint, the court understands "MSL" to mean "mean sea level."

2

III.

Pertinent Legal Principles

When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the allegations of the complaint favorably to the pleader.  Id.  However, the court is not limited to a consideration of the allegations of the complaint in deciding whether subject matter jurisdiction exists. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981).  The court may consider conflicting evidence and decide for itself the factual issues that determine jurisdiction.  Id.  Because of the limited nature of federal court jurisdiction, there is a presumption against its existence.  See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).  A party who seeks to invoke federal court jurisdiction has the burden to demonstrate that subject matter jurisdiction exists.  McNutt, 298 U.S. at 178; Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

Absent waiver, sovereign immunity shields the government and its agencies from suit. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). As the parties seeking relief, plaintiffs bear the burden of establishing that sovereign immunity has been waived. Gulf Restoration Network v. McCarthy, 783 F.3d 227, 232 (5th Cir.

2015); Hernandez v. United States, 757 F.3d 249, 259 (5th Cir.

2014)(waiver must be unequivocally expressed).

IV.

Analysis

A.   Pertinent Facts

The appendix in support of the Corps' motion establishes the

following facts:

In April, 1951, the Corps obtained fee simple title to a 359

acre tract of land (Tract C-209) as part of the Grapevine Dam and

Reservoir Project. Later, by judgment of January 3, 1957, the

Corps effectively sold back to the previous owners, a husband and

wife, certain parts of Tract C-209, including the property at

issue here, subject to flowage easements.

The judgment describes the easement as:

A perpetual right and easement to occasionally
overflow, flood and submerge the land described in
Exhibit "D", attached [to the 1957 judgment], and to
maintain mosquito control, as may be required in
connection with the operation and maintenance of the
Grapevine Dam and Reservoir Project as authorized by
the Act of Congress approved March 2, 1945; reserving,
however, to the owners of the described lands all such
rights an privileges as may be used and enjoyed without
interfering with or abridging the rights and easements
hereby taken; provided that no structure for human
habitation shall be constructed or maintained on the
described lands, and provided further, that with
respect to said described lands, the written consent of
the representative of the United States in charge shall
be obtained for the type and location of any structure
and/or appurtenances thereto now existing or to be

4

erected or constructed in connection with said reserved
rights and privileges.

Doc.[2] 7 at 10-11. The easement covers approximately 140 acres out
of a 146 acre tract. The approximately six acres exempted from
the easement is the "portion situated above elevation 572 feet
m.s.l." Doc. 7 at 19.

Metro recognizes that the property it acquired is subject to
the easement. By letter dated September 9, 2014, Metro wrote to
the Chief of the Corps to describe a proposed residential
subdivision to be located within the flowage easement. Doc. 7 at
29-32. Pursuant to the proposal, plaintiffs would excavate on-
site soil materials from the lake and place those excavated
materials in a density controlled embankment, or fill, to bring
the finish floor elevations for the proposed lots above 572 feet.
Id. at 30-31. The Corps did not provide the conditional approval
requested by the letter and plaintiffs filed this lawsuit.

On December 21, 2015, the Corps declined to authorize the
project, noting that the proposal called for extensive cut and
fill that would effectively eliminate the easement in part. Doc.
7 at 33-34.

---

[2]The "Doc." reference is to the number of the item on the court's docket in this action.

B.   The Court Lacks Jurisdiction

In their complaint, plaintiffs cite (1) 28 U.S.C. § 1331,
(2) 28 U.S.C. § 1346, (3) 28 U.S.C. §§ 2201-02, and (4) 5 U.S.C.
§§ 701-06 as bases for jurisdiction. Doc. 1 at 1. However, the
first and third[3] cited statutes do not waive immunity or provide
a grant of jurisdiction. Humphreys v. United States, 62 F.3d 667,
673 (5ᵗʰ Cir. 1995); Voluntary Purchasing Grps., Inc. v. Reilly,
889 F.2d 1380, 1385 (5ᵗʰ Cir. 1989); Austral Oil Co. v. Nat'l
Park Serv., 982 F. Supp. 1238, 1242 (N.D. Tex. 1997). The second
cited statute does not apply here, as plaintiffs do not purport
to bring a suit for tax refund, contract damages not exceeding
$10,000, for a tort, or any other claim specified. Although
plaintiffs argue that § 1346(f) grants the court exclusive
jurisdiction over civil actions to quiet title, this is not such
a case. See Robinson v. United States, 586 F.3d 683 (9ᵗʰ Cir.
2009); United States v. Austin Two Tracts, L.P., 239 F. Supp. 2d
640, 644 (E.D. Tex. 2002). Moreover, even if it were, the action
would be barred by limitations, which is a jurisdictional
prerequisite rather than affirmative defense in a quiet title
action. Bank One Tex., N.A. v. United States, 157 F.3d 397, 402-
03 & n. 11 (5ᵗʰ Cir. 1998). Thus, the only potential for

---

[3]Plaintiffs argue that the court has jurisdiction to interpret and enforce the judgment in the fifty-eight year old takings case "to vindicate its authority and effectuate its decrees." Doc. 9 at 3. However, plaintiffs have not pleaded for that relief. And, in any event, the judgment says what it says.

jurisdiction must lie under the Administrative Procedure Act ("APA").

The APA provides waiver and a grant of jurisdiction only over final agency action, which did not exist here when the suit was filed. <u>Austral Oil Co.</u>, 982 F. Supp. at 1243. But, even assuming finality, the waiver of sovereign immunity does not apply to actions committed to agency discretion by law. <u>St. Tammany Parish ex rel. Davis</u>, 556 F.3d 307, 318 (5th Cir. 2009). And, where an agency is considering whether a structure can be built on its property, the matter lies within the agency's discretion. <u>Ellison v. Connor</u>, 153 F.3d 247, 253 (5th Cir. 1998)(citing 5 U.S.C. § 301). Here, plaintiffs want to construct houses, roadways, and utilities within the Corps' current easement and in specific violation of the terms of their deed. In its discretion, the Corps has denied their request. Plaintiffs have not shown that the court has jurisdiction to grant the relief they seek.[4]

---

[4] The court is satisfied that plaintiffs have not cited any statute or regulation setting forth procedural requirements or specific substantive factors the Corps was required to take into account in considering their request because there are none.

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and plaintiffs' claims be, and are hereby, dismissed.

SIGNED February 9, 2016.

_____
JOHN McBRYDE
United States District Judge